## THE WILLIAM E. FERGUSON.

(District Court, S. D. New York. May 28, 1901.)

COLLISION—MUTUAL FAULT.

A propeller bound up the East river came in collision with a car float on the starboard side of a tug going down the river a little above the Brooklyn Bridge. The evidence showed that the tug was carrying proper lights, but neither she nor her lights were seen until the propeller

had rounded about directly up river. The propeller gave a signal of one whistle, and then an alarm. She heard no whistles from the tug. The evidence showed that the lights of the propeller were seen from the tug, and a signal of two whistles was given to the propeller before the latter had signaled. *Held*, that the propeller was in fault for not having observed the lights of the tug earlier, and not having observed her signal of two whistles before its own whistle, and that the tug was to blame for not keeping in the middle of the river, as required by statute, and in having gone to the left under a signal of two whistles without an assenting signal, instead of going to the right, as required by the regulations, and in not repeating her signal at once and reversing.

In Admiralty.

Carpenter & Park, for libelant.

Wing, Putnam & Burlingham, for respondent.

BROWN, District Judge. The steam propeller Chelsea, 138 feet long, bound up the East river in the ebb tide, after leaving her moorings at pier 29 at the lower side of the abutment of the Brooklyn Bridge and going out and rounding up river, came in collision with the bow of a car float on the starboard side of the tug Ferguson going down river, a little above the Brooklyn Bridge.

The evidence is somewhat conflicting, but I think the weight of proof is undoubtedly that the Ferguson at the time of the collision was considerably on the Brooklyn side of mid-river. The Ferguson was carrying proper lights, namely, two vertical white lights indicating a tow, as well as her own colored side lights, though it is possible that her green light may have been obscured. Neither the Ferguson nor her lights were seen until the Chelsea had rounded about directly up river on the Brooklyn side of mid-stream. The Chelsea then gave a signal of one whistle twice and then an alarm when very near. Her witnesses say that they heard no whistle from the Ferguson at any time.

The testimony on the part of the Ferguson leaves no doubt in my mind that the lights of the Chelsea were seen and that a signal of two whistles was given to the Cheslea before the latter's signals and before she had rounded up river. No answer was received, and the two whistles were not repeated. To the Chelsea's subsequent one whistle the Ferguson gave one; but the tug was already under a swing to port towards the Brooklyn shore under her own previous signal of two whistles and her starboarding in accordance therewith. The danger signals and reversing were too late to prevent collision.

I find both vessels in fault. The Chelsea for not having observed at least the vertical lights of the Ferguson much earlier, and for not having observed her signal of two whistles before the Chelsea's own whistle. In my judgment these two omissions show the lack of a proper lookout and proper attention. Had these been observed the Chelsea ought to, and no doubt would, have given earlier signals to the Ferguson, and would otherwise have governed her own navigation so as to avoid collision.

The Ferguson on the other hand is to blame, first, for not keeping in the middle of the river as near as may be as required by statute, or upon the New York side of it under the regulations; and sec-

ondly in having maneuvered to go to the left under a signal of two whistles, contrary to the regulation, without an assenting signal, instead of going to the right as required by the regulations; and thirdly in not repeating her signal on getting no answer while the danger was still threatening (the Chelsea's two colored lights being still seen) and not repeating her signal at once and reversing, as required by the inland rules of navigation.

Decree for the libelant for half the damages and costs.